UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SPENCER NEAL, | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | **CIVIL RIGHTS** |
| | ) | |
| vs. | ) | **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:** |
| | ) | |
| FADO COLUMBUS, LLC | ) | |
| d/b/a FADO IRISH PUB, | ) | **1ST CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disability Act of 1990 ("Title III" and "ADA"), 42 U.S.C. §§ 12181 *et seq.* |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | **2ND CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of Ohio Revised Code 4112.02, *et seq.* |
| | ) | |
| | ) | |
| | ) | |
| | ) | **3RD CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of Ohio Administrative Code 4101:1-11, *et seq.* |
| | ) | |
| | ) | |

Plaintiff SPENCER NEAL Complains of Defendant FADO COLUMBUS, LLC doing

business as FADO IRISH PUB (hereinafter "FADO"), and alleges as follows:

**INTRODUCTION:**

1.    This is a civil rights action for discrimination against persons with physical

disabilities, of which plaintiff NEAL is a member of, for failure to remove architectural barriers

structural in nature at Defendant's FADO bar and restaurant, a place of public accommodation,

thereby discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity

to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.

NEAL seeks injunctive relief and damages pursuant to the Americans with Disability Act of

1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.;* Ohio Revised Code § 4112.02, *et*

*seq*.; and Ohio Administrative Code § 4101:1-11, *et sec.*

2. NEAL is a person with physical disabilities who, on or about June 3, 2019, was an invitee, guest, patron, or customer at FADO, in the City of Columbus, Ohio. At said time and place, Defendant failed to provide proper legal access to FADO, which is a public accommodation and/or public facility. The denial of access was in violation of both federal and Ohio legal requirements, and NEAL suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3. **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel Ohio law, whose goals are closely tied with the ADA, including but not limited to violations of Ohio Revised Code § 4112.02, *et seq*.; and Ohio Administrative Code § 4101:1-11, *et sec.*

4. **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district at/near 4022 Townsfair Way, in the City of Columbus, County of Franklin, State of Ohio and that NEAL's causes of action arose in this district.

**PARTIES:**

5. NEAL is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 2

these words have similar or identical common usage and legal meaning.) NEAL is a "person with physical disabilities," as defined by all applicable Ohio and United States laws. NEAL requires the use of a wheelchair to travel about in public. Consequently, NEAL is a member of that portion of the public whose rights are protected by the provisions of Ohio Revised Code § 4112.02, *et seq*. and Ohio Administrative Code § 4101:1-11, *et sec.* NEAL is a resident of Columbus, Ohio.

6. Defendant FADO COLUMBUS, LLC, doing business as FADO IRISH PUB, an Ohio Limited Liability Company, (hereinafter alternatively referred to as "Defendant") is the owner and operator, lessor and/or lessee, or agents of the owners, lessors and/or lessees, franchisor and/or franchisee, of the building and/or buildings which constitute a public facility in and of itself, occupied by FADO, a public accommodation, located at/near 4022 Townsfair Way, Columbus, Ohio, and subject to the requirements of Ohio state law requiring full and equal access to public facilities pursuant to Ohio Revised Code § 4112.02, *et seq*., Ohio Administrative Code § 4101:1-11, *et sec.*, and subject to the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7. At all times relevant to this complaint, Defendant is the lessee, or agent of the lessees, and/or lessors, of said premises, a public facility at/near 4022 Townsfair Way, Columbus, Ohio. The business is open to the general public and conducts business therein. The business operates on said premises is a public accommodations subject to the requirements of Ohio Revised Code § 4112.02, *et seq*. and Ohio Administrative Code § 4101:1-11, *et sec.*

8. At all times relevant to this complaint, Defendant is the landlord/lessor, tenant/lessee and the owner and operator of the subject FADO, public accommodations located

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 3

at/near 4022 Townsfair Way, Columbus, Ohio. As such, Defendant is jointly and severally

responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations

section 36.201(b), which states in pertinent

part:

**§ 36.201**      **General**

(b) Landlord and tenant responsibilities. Both the landlord
who owns the building that houses a place of public
accommodation and the tenant who owns or operates the place of
public accommodation are public accommodations subject to the
requirements of this part. As between the parties, allocation of
responsibility for complying with the obligations of this part may
be determined by lease or other contract.

CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

9.   Defendant is the entity that owns, leases (or leases to), or operates FADO, a

bar and restaurant, located at/near 4022 Townsfair Way, Columbus, Ohio. FADO and each of its

facilities are places "of public accommodation" subject to the requirements of the Americans

with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, Ohio

Revised Code § 4112.02, *et seq*.; and Ohio Administrative Code § 4101:1-11, *et sec.* On

information and belief, said facility has undergone "alterations, structural repairs and additions,"

each of which has subjected FADO to handicapped access requirements.

10. NEAL is a person with a disability. NEAL is a "physically disabled person,"

as defined by all applicable Ohio and United States laws. NEAL is a paraplegic and requires the

use of a wheelchair for mobility and to travel in public.

11. At all times referred to herein and continuing to the present time, Defendant

advertised, publicized and held out FADO as being handicapped accessible and handicapped

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 4

usable.

12. On or about June 3, 2019, NEAL was an invitee and guest at the subject bar and restaurant, arriving for purposes of having a drink after dinner.

13. Upon his arrival, during his patronizing of the public accommodations, and upon his exit of the facility, NEAL personally encountered architectural barriers which denied him the full and equal access to the property.

14. Therefore, at said time and place, NEAL, a person with a disability, encountered the following inaccessible elements of the subject FADO which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. By way of example and not as an exhaustive inventory of Defendant's violations, the following barriers to access were personally encountered by NEAL:

a) *The accessible route of travel on the walk or sidewalk at the narrow section of sidewalk between the fenced patio and street contains cross slopes greater than 2% in violation of 2010 ADAS Section 403.3, 2009 ANSI A117.1 Section 403.3, and 1991 ADAS Section 4.3.7.*

b) *The entry door has a threshold with a vertical change greater than ¼" high in violation of 2010 ADAS Section 404.2.5, 2009 ANSI A117.1 Section 404.2.4, and 1991 ADAS Section 4.13.8.*

c) *There exists no accessible seating at the bar in violation of 2010 ADAS Section 226.1 and 1991 ADAS Section 5.1.*

d) *There exists no accessible seating at any of the dining tables in violation of 2010 ADAS Section 226.1 and 1991 ADAS Section 5.1.*

e) *Throughout the dining area, compliant knee clearance is not provided at the dining tables in violation of 2010 ADAS Section 306.3.3, 2009 ANSI A117.1 Section 306.3.1, 306.3.2, and 1991 ADAS Section 4.32.3.*

f) *The high top bistro tables are greater than 34" above the floor in violation of 2010 ADAS Section 902.3, 2009 ANSI A117.1 Section 902.4, and 1991 ADAS Section 4.32.4.*

g) *The knee and toe clearance at the outdoor dining tables are not compliant because of the table base configuration in violation of 2010 ADAS Section 306.2.1, 2009 ANSI A117.1 Section 306.2.1, and 1991 ADAS Section 4.32.3.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 5

h) *The spacing of the outside tables and chairs does not allow a 36" wide accessible route to the amenities in violation of 2010 ADAS Section 226.1 and 1991 ADAS Section 5.1.*

i) *The men's restroom wall sign is incorrectly located in violation of 2010 ADAS Section 703.4.1 and 2009 ANSI A117.1 Section 703.3.10.*

j) *The men's restroom door exceeds the maximum pressure to open the door in violation of 2010 ADAS Section 404.2.9, 2009 ANSI A117.1 Section 404.2.8, and 1991 ADAS Section 4.13.11(1).*

k) *Inside the men's restroom, the accessible stall door is not self-closing in violation of 2010 ADAS Section 604.8.1.2 and 2009 ANSI A117.1 Section 604.9.3.*

l) *Inside the men's restroom, the accessible stall door is missing a loop handle on both sides of the door in violation of 2010 ADAS Section 604.8.1.2, 2009 ANSI A117.1 Section 604.10.3, and 1991 ADAS Section 4.13.9.*

m) *Inside the men's restroom, the toilet paper dispenser within the accessible stall is not installed within the compliant range in violation of 2010 ADAS Section 604.7.*

n) *Inside the men's restroom, the urinal is located in an area that does not provide the required clear floor space for a front approach in violation of 2010 ADAS Section 605.3, 2009 ANSI A117.1 Section 605.3, and 1991 ADAS Section 4.18.3.*

o) *Inside the men's restroom, the water and drain pipes under the lavatory are not adequately insulated in violation of 2010 ADAS Section 606.5, 2009 ANSI A117.1 Section 606.6, and 1991 ADAS Section 4.19.4.*

p) *Inside the men's restroom, the paper towel motion sensor is 49" above the floor in violation of 2010 ADAS Section 308.2.1 and 2009 ANSI A117.1 Section 308.2.1.*

On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

15. The discriminatory violations described in ¶ 14 are not an exclusive list of the Defendant's violations. NEAL requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §4101:1-11, *et sec.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 6

16. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("title III" and "ADA"), 42. U.S.C. §§ 12181 *et seq.*, Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §4101:1-11, *et sec.* either then, now or in the future.

17. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to NEAL and other persons with disabilities, NEAL suffered damages as alleged herein.

18. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, NEAL was denied his civil rights to full and equal access to public facilities. NEAL suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from injury, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

19. NEAL is "physically handicapped," "physically disabled," or a "person with physical disabilities" who was denied his rights to equal access to a public facility by Defendant. Defendant maintained a public establishment without access for persons with physical disabilities as stated herein, and continue as of the date of filing this complaint to deny equal access to NEAL and other persons with physical disabilities in these and other ways.

20. On information and belief, construction alterations carried out by Defendant have

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 7

triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §4101:1-11, *et sec.*

21. NEAL, as described herein below, seeks injunctive relief to require FADO to be made accessible to meet the requirements of both Ohio law and the Americans with Disabilities Act, whichever is more restrictive, so long as Defendant operates and/or leases FADO as a public facility. NEAL seeks damages for violation of his civil rights, from June 3, 2019 until such date as Defendant brings the establishments into full compliance with the requirements of Ohio and federal law.

22. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

23. Because of Defendant's violations, NEAL and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. NEAL seeks an order from this court compelling Defendant to make FADO accessible to persons with disabilities.

24. On information and belief, Defendant has intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements. The acts and omissions of Defendant in failing to provide the required accessible public facilities at the time of NEAL's visit and injuries, indicate actual and implied malice towards NEAL, and despicable conduct carried out by Defendant with a willful and conscious disregard for the rights

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 8

and safety of NEAL and other similarly situated persons, and justify punitive damages pursuant to Ohio Revised Code § 2315.21, in amounts sufficient to make a more profound example of Defendant to other operators of other establishment and other public facilities, and to punish Defendant and to carry out the purposes of § 2315.21.

25. NEAL is informed and believes and therefore alleges that Defendant caused the subject facility to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building of Defendant and were denied full and equal use of said public facilities. Further, on information and belief, Defendant has continued to maintain and operate said facilities in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as NEAL and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* and elsewhere in the laws of Ohio.

26. On information and belief, the subject public facilities and building(s) of FADO denied full and equal access to NEAL and other persons with physical disabilities in other respects due to noncompliance with requirements of Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code §4101:1-11, *et sec.*

27. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting FADO was in violation of the civil rights of persons with physical disabilities, such as NEAL, includes, but is not limited to, communications with invitees

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 9

and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by this Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of NEAL and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be ascertained except through discovery. Despite being informed of such effect on NEAL and other persons with physical disabilities due to the lack of accessible facilities, Defendant knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for NEAL and other persons with physical disabilities to the establishment. Said Defendant has continued such practices, in conscious disregard for the rights of NEAL and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. Defendant has further actual knowledge of the architectural barriers referred to herein by virtue of the Notice addressed to the Defendant, which is discussed below. Said conduct, with knowledge of the effect it was and is having on NEAL and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of NEAL and of other similarly situated persons, justifying the imposition of punitive damages.

28. Punitive Damages -- Defendant, at times prior to and including June 3, 2019 and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all portions of this public facility. Despite such knowledge, Defendant failed and refused to take steps to comply with the applicable access statutes; and despite

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 10

knowledge of the resulting problems and denial of civil rights thereby suffered by NEAL and other similarly situated persons with disabilities, including the specific notices referred to in paragraph 27 of this complaint. Defendant has failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove. Defendant has carried out a course of conduct of refusing to respond to, or correct complaints about, denial of handicap access and has refused to comply with its legal obligations to make FADO accessible pursuant to the Americans with Disabilities Act and Ohio law. Such actions and continuing course of conduct by Defendant evidence despicable conduct in conscious disregard for the rights or safety of NEAL and of other similarly situated persons, justifying an award of punitive damages.

29. Defendant's actions have also been oppressive to persons with physical disabilities and of other members of the public, and have evidenced actual or implied malicious intent toward those members of the public, such as NEAL and other persons with physical disabilities who have been denied the proper access they are entitled to by law. Further, Defendant's refusals on a day-to-day basis to remove the barriers complained of herein evidence despicable conduct in conscious disregard for the rights of NEAL and other members of the public with physical disabilities.

30. NEAL prays for an award of punitive damages against Defendant in an amount sufficient to make a more profound example of Defendant and discourage owners and operators of other establishments, and other public facilities, from willful disregard of the rights of persons with physical disabilities. Plaintiff does not know the financial worth of Defendant and seeks leave to amend this complaint when such facts are known.

31. NEAL will return to FADO, because he enjoys the drinks and atmosphere there,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 11

including the Irish theme, if FADO is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the bar and restaurant's services. Furthermore, NEAL intends to return to FADO as an ADA tester to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

I. **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**

32. NEAL pleads and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 31 of this complaint.

33. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

34. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with

disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

35.     As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
> . . .
> (B) an entertainment facility, bar, or other establishment serving food or drink;
>
> 42 .S.C. §12181(7)(B).

36.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

37.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 13

would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of Defendant set forth herein were a violation of NEAL's rights under the ADA, 42. U.S.C. §§ 12181 *et seq.;* Ohio Revised Code § 4112.02, *et seq.*; and Ohio Administrative Code § 4101:1-11, *et sec.*, making available damage remedies.

38.     The removal of the barriers complained of by NEAL as hereinabove alleged was at all times after January 26, 1992, making compliance with the ADA mandatory. Construction work on, and modifications of, the subject building(s) of FADO occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

39.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, §308, NEAL is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 14

he is about to be subjected to discrimination in violation of §302. NEAL cannot return to or make use of the public facilities complained of herein so long as the premises and Defendant's policies bar full and equal use by persons with physical disabilities.

40.    Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, NEAL has not returned to Defendant's premises since on or about June 3, 2019, but on information and belief, alleges that Defendant has continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

41.    NEAL seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. NEAL will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

42.    NEAL seeks damages pursuant to Ohio Revised Code § 4112.02, *et seq*. and Ohio Administrative Code § 4101:1-11, *et sec.*, which provide, within the statutory scheme, that a violation of the ADA and/or Ohio's accessibility standards is a violation of Ohio law.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**II**.    **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO REVISED CODE § 4112.02, *et seq*.**

43.    Plaintiff repleads and incorporates by reference as if fully set forth again herein,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 15

the allegations contained in paragraphs 1 through 42 of this complaint.

44.     At all times relevant to this action, Ohio Revised Code § 4112.0254 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

It shall be an unlawful discriminatory practice:

(G)     For any proprietor or any employee, keeper, or manager of a place of public accommodation to deny to any person, except for reasons applicable alike to all persons regardless of race, color, religion, sex, military status, national origin, disability, age, or ancestry, the full enjoyment of the accommodations, advantages, facilities, or privileges of the place of public accommodation.

45.     FADO is a place of public accommodation pursuant to Ohio Revised Code § 4112.01(A)(9).

46.     Defendant committed an unlawful act pursuant to Ohio Revised Code § 4112.02(G) by denying NEAL the full enjoyment of its accommodations, advantages, facilities, or privileges, whereas, NEAL had great difficulty due to extensive barriers for patrons confined to wheelchairs.

47.     Pursuant to Ohio Revised Code § 4112.99, NEAL is entitled to compensatory and punitive damages, and attorney fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

48.     A separate act in violation of Ohio Revised Code § 4112.02(G) has been committed each day that Defendant act or fail to act and/or knowingly and willfully fails and refuse to remove each architectural barrier or policy and procedure barrier presently existing at the subject public accommodation which denies full and equal access for persons with physical

disabilities to said building(s), elements and facilities of FADO. NEAL has been denied full and equal access on an ongoing basis since the date of his first visit. As a legal result, NEAL is entitled to seek appropriate relief, such as damages, pursuant to Ohio Revised Code § 4112.99.

49.     On or about June 3, 2019, NEAL suffered violations of Ohio Revised Code § 4112.02(G) in that NEAL was denied access to the facilities as stated herein at FADO and on the basis that NEAL was a person with physical disabilities.

50.     As a result of the denial of equal access to Defendant's facilities due to the acts and omissions of Defendant in owning, operating and maintaining these subject public facilities, NEAL suffered violations of his civil rights, as well as suffering from shame, humiliation, embarrassment, frustration, anger, chagrin, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

51.     NEAL has been damaged by Defendant's wrongful conduct and seeks the relief that is afforded by Ohio Revised Code § 4112 for violation of his rights as a person, including statutory damages according to proof.

52.     As a result of Defendant's acts and omissions in this regard, NEAL has been required to incur legal expenses and hire attorneys in order to enforce his rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of Ohio Revised Code § 4112, NEAL therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

III.     **THIRD CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO ADMINISTRATIVE CODE § 4101:1-11, *et seq.***

53. NEAL repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 53 of this complaint.

54. Ohio Administrative Code (hereinafter "O.A.C.") § 4101:1-11 controls the design and construction of facilities for accessibility for individuals with disabilities.

55. Sites, buildings, structures, facilities, elements and spaces, temporary or permanent, shall be accessible to individuals with disabilities. O.A.C. § 1103.1.

56. FADO, being a site, building, structure, facility, element or space, committed an unlawful act pursuant to O.A.C. §§ 1104.1 and 1109.1 by failing to make accessible its spaces, including but not limited to, its restrooms.

57. FADO committed an unlawful act pursuant to O.A.C. § 1108.1 by failing to provide accessible seating in its dining areas.

58. Defendant's violations denied NEAL full enjoyment of its accommodations, advantages, facilities, or privileges, whereas, NEAL had difficulty entering the property due to extensive barriers for patrons confined to wheelchairs on the accessible route.

59. As a result of these violations, NEAL is entitled to compensatory and punitive damages, and attorney fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

60. A separate act in violation of Ohio Administrative Code § 4101:1-11, *et seq.* has been committed each day that Defendant act or fail to act and/or knowingly and willfully fail and refuse to make accessible its site for physically disabled persons presently existing at the subject FADO. NEAL has been denied full and equal access on an ongoing basis since the date

of his first visit. As a legal result, NEAL is entitled to seek appropriate relief, such as damages.

61. As a result of Defendant's accessibility violations, NEAL suffered violations of his civil rights, as well as suffering from injury, shame, humiliation, embarrassment, frustration, anger, chagrin, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

62. NEAL has been damaged by Defendant's wrongful conduct and seeks relief for violation of the O.A.C., including actual and special damages according to proof.

63. As a result of Defendant's acts and omissions in this regard, NEAL has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. NEAL therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

Wherefore, Plaintiff SPENCER NEAL prays for relief and damages as hereinafter stated.

**O.R.C. 4112.16 NOTICE OF VIOLATION OF ACCESSIBILITY LAW**

64. Pursuant to O.R.C. 4112.16 Notice of Violation of Accessibility Law, prior to filing a civil action alleging violation of State of Ohio accessibility law, the alleged aggrieved party may notify the owner, agent, or other responsible party, by personal service or by certified mail, of alleged accessibility law violations. On June 19, 2019, Plaintiff served upon Defendant's statutory agent a Notice of Violation of Accessibility Law pursuant to O.R.C. 4112.16. Defendant's statutory response deadline in which to serve Plaintiff with its response was July 11, 2019. Defendant failed to serve a response upon Plaintiff or his counsel within 15 days of

receiving the O.R.C. 4112.16 Notice. Due to Defendant's failure to respond in accordance with the statute, Plaintiff may commence his lawsuit for violations of State of Ohio accessibility laws. Due to Defendant's failure to respond in accordance with the statute, Plaintiff, if deemed the prevailing party, shall recover reasonable attorney's fees, in addition to any other remedies available to the plaintiff.

Wherefore, Plaintiff SPENCER MORTLAND prays for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, NEAL prays that this court grant relief and damages as follows:

**I. PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1. For injunctive relief, compelling Defendant to make FADO Chili restaurant and the Shoppes on Olentangy shopping center readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2. For attorneys' fees, litigation expenses and costs of suit, if NEAL is deemed the prevailing party; and

3. For such other and further relief as the court may deem proper.

**I. PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO REVISED CODE § 4112.02, *et seq*.**

4. For injunctive relief, compelling Defendant to make FADO Chili restaurant and the Shoppes on Olentangy shopping center readily accessible to and usable by individuals with

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 20

disabilities, per state law.

5. General and compensatory damages according to proof;

6. All damages for each day, from the inception of the filing of this complaint, on which Defendant have failed to remove barriers which denied NEAL and other persons with disabilities full and equal access.

7. Attorneys' fees pursuant to Ohio Revised Code § 4112.99, if NEAL is deemed the prevailing party;

8. Punitive damages, pursuant to Ohio Revised Code § 2315.21;

9. For all costs of suit;

10. Prejudgment interest pursuant to Ohio Revised Code 1343.03(A);

11. Such other and further relief as the court may deem just and proper.

**III. PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF OHIO ADMINISTRATIVE CODE § 4101:1-11, *et seq*.**

12. For injunctive relief, compelling Defendant to make FADO Chili restaurant and the Shoppes on Olentangy shopping center readily accessible to and usable by individuals with disabilities, per state law.

13. General and compensatory damages according to proof;

14. All damages for each day, from the inception of the filing of this complaint, on which Defendant have failed to remove barriers which denied NEAL and other persons with disabilities full and equal access.

15. Attorneys' fees pursuant to Ohio Revised Code § 4112.99, if NEAL is deemed the prevailing party;

16. Punitive damages, pursuant to Ohio Revised Code § 2315.21;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 21

17.     For all costs of suit;

18.     Prejudgment interest pursuant to Ohio Revised Code 1343.03(A);

19.     Such other and further relief as the court may deem just and proper.


                                    Respectfully submitted,

                                    BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

                                    /s/ *COLIN G. MEEKER*
                                    COLIN G. MEEKER (Ohio Bar No. 0092980)
                                    495 Portage Lakes Dr.
                                    Akron, Ohio 44319
                                    Telephone: (330) 253-3337
                                    Facsimile: (330) 253-4131
                                    cgm@bmblaw.com
                                    blaise@bmblaw.com
                                    foliverio@bmblaw.com

                                    Attorney for Plaintiff SPENCER NEAL